**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LAURENDER K. SEATON,<br><br>*Plaintiff*,<br><br>v.<br><br>BRESNEY C. COOTE,<br><br>*Defendant*. | Civil Action No. 26-7788<br><br>**OPINION AND ORDER**<br><br>July 30, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on *pro se* Plaintiff Laurender K. Seaton's ("Plaintiff") filing of a complaint (ECF 1, "Complaint" or "Compl.") and an application to proceed *in forma pauperis* (ECF 1-3, "IFP Application" or "IFP App."), and this Court having screened Plaintiff's submissions for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8(a); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying filing fees—that is, *in forma pauperis*—so long as the plaintiff demonstrates that he or she is "unable to pay such fees," but must dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1447(c); and

**WHEREAS** a "District Court has discretion to determine whether to grant IFP" applications. *In re Kellam*, 628 F. App'x 85 (3d Cir. 2016) (citing *United States v. Holiday*, 436 F.2d 1079, 1079 (3d Cir. 1971)); and

**WHEREAS** based on Plaintiff's IFP Application, made under the penalty of perjury, the Court finds that Plaintiff is without the means necessary to both pay filing fees and support herself financially. Plaintiff indicates an average monthly income of $2,400. (IFP App. at 2.) Plaintiff further indicates that she has $800 in a Capital One checking account but no other money or savings. (*Id.*) Plaintiff owns a Honda Civic but indicates that she owns no other assets. (*Id.* at 3.) Under the "expenses," section of her IFP application, Plaintiff indicates she pays per month: $900 for rent, $75 for utilities, $200 for food, $30 for laundry, $250 for her vehicle, and $330 in credit card payments, totaling at least $1,980 in monthly expenses. (*Id.* at 4-5.) The Court agrees that Plaintiff's retained money after expenses would not allow her to pay filing fees without sacrificing basic human necessities; and

**WHEREAS** having reviewed Plaintiff's application, the Court finds that leave to proceed *in forma pauperis* is warranted, and the application is **GRANTED**; and

**WHEREAS** the Court construes a *pro se* plaintiff's papers liberally and holds them to a less stringent standard than the standard applied to papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court need not credit a *pro se* party's "'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)); and

**WHEREAS** a district court must dismiss a case if it finds that it does not have a basis for exercising subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Arbaugh v. Y & H Corp.*, 546

U.S. 500, 514 (2006). A district court has subject matter jurisdiction over an action where there is a federal question pursuant to 28 U.S.C. § 1331, or diversity jurisdiction—a dispute between citizens of different states with an amount in controversy exceeding $75,000—pursuant to 28 U.S.C § 1332. Here, Plaintiff indicates diversity jurisdiction as the basis for this Court's subject matter jurisdiction over the action. (Compl. at 2.) Yet both Plaintiff and Defendant appear to be citizens of New Jersey and the amount in controversy appears to be $28,028 for an outstanding deficiency balance on Defendant's alleged default on a vehicle loan. (*Id.* at 1-4.) Accordingly, there is no diversity jurisdiction, and the action must arise under federal law for this Court to have subject matter jurisdiction; and

**WHEREAS** federal question jurisdiction exists when a dispute "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff indicates that this action involves a dispute over delinquent payment of a loan, but does not set forth any facts that identify a cause of action arising under the Constitution, laws, or treaties of the United States such that this Court may exercise federal question jurisdiction. (*See generally* Compl.) Accordingly, this Court has no basis for exercising subject matter jurisdiction and must dismiss the Complaint.

Accordingly, **IT IS** on this **30th** day of **July, 2026**,

1. **ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF 1-3) is **GRANTED**; and it is further
2. **ORDERED** that Plaintiff's Complaint (ECF 1) is **DISMISSED** without prejudice. If Plaintiff wishes to proceed in this action, Plaintiff has thirty (30) days to file an amended complaint that corrects the deficiencies discussed above. Failure to timely file an amended complaint may result in the dismissal of this matter with prejudice; and it is further

3. **ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter, subject to automatic reopening if Plaintiff files an amended complaint; and it is finally

4. **ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: André M. Espinosa, U.S.M.J.
Parties